IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CHARLES PROPST, #16538-058 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOHN OWENS, WARDEN, ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 3:09-3237-HFF -JRM <br><br> **REPORT AND RECOMMENDATION** |

     Petitioner, Charles Propst ("Propst"), is an inmate at FCI-Williamsburg. He filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Propst asserts that the Bureau of Prisons ("BOP") illegally failed to grant him a nunc prop tunc designation pursuant to statute. Respondent filed a motion for summary judgment on March 5, 2010, supported by copies of portions of the administrative record. Because Propst is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on March 8, 2010, explaining to him his responsibility to respond to the Respondent's motion. Propst filed a response on May 10, 2010.

---

[1] The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C).

1

## Background

Propst's criminal background is set forth in the affidavit of J.R. Johnson, a BOP Correctional Program Specialist. (Res.Mem., Ex. 4). Propst does not dispute the following:

1. Propst received a probationary sentence in August of 1997 imposed by the State of North Carolina;

2. Propst was arrested again on drug charges by the State of North Carolina in October of 1999. This resulted in a revocation of probation and imposition of a sentence of 10-12 months on July 17, 2000;

3. On September 12, 2000, Propst was sentenced to 60-81 months on the October 1999 charges;

4. While he was serving his state sentences, Propst was indicted in a federal drug conspiracy case in the Western District of North Carolina. He was "borrowed" pursuant to a writ of habeas corpus ad prosequendum on February 8, 2001;

5. Propst was sentenced to 210 months on the federal charges on April 28, 2002;

6. Propst was returned to state custody on May 17, 2002, to complete his previously imposed state sentences;

7. North Carolina paroled Propst on October 27, 2006, and he was taken into federal custody to begin serving his 210 month federal sentence;

8. BOP determined that Propst commenced serving his federal sentence on October 27, 2006, the date he was paroled by North Carolina, and that he was only entitled to prior custody credits for the time he was borrowed from North Carolina pursuant to the writ (February 8, 2001 through May 17, 2002).

**Discussion**

Propst asserts that he is entitled to require BOP to consider him for a nunc pro tunc designation of the state facility at which he was incarcerated when his federal sentence was imposed pursuant to 18 U.S.C. § 3621. This would have the effect of Propst's state and federal sentences running concurrently. Respondent argues that Propst is not entitled to consideration under this statute in the circumstances of his case. Respondent concedes that Warden Owen is the proper Respondent, this Court has subject matter jurisdiction, venue is proper, he has been properly served, and Propst has exhausted his administrative remedies.[2]

In <u>Barden v. Keohane</u>, 921 F.3d 476 (3rd Cir.1991), petitioner brought a § 2241 habeas petition to gain credit for time served in a state prison by having that state facility designated a federal facility nunc pro tunc. In pursuing his administrative remedies, BOP declined to recognize that it had the statutory authority to make such a designation. The <u>Barden</u> court held that petitioner was "entitled to have his request considered by the agency with the statutory power to grant it and that 28 U.S.C.A. § 2241 is available to compel that consideration." ( Id. at 484).

After <u>Barden</u>, the BOP began to analyze requests for retroactive designations pursuant to 18 U.S.C. § 3621(b). Indeed, the record contains a "Barden Request Information Worksheet." (Res.Mem., Ex. 6).

The statute states in part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained

---

[2]In addition to the nunc pro tunc designation claim, Propst raised a claim of entitlement to further credit for prior custody during the administrative process. However, the latter claim is not asserted in the petition and will not be addressed by the undersigned.

by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence-

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The statute applied in Barden, 18 U.S.C. § 3621(b), is not applicable in Propst's case because he was serving a state sentence at the time he received his federal sentence. For that reason, the District Judge had the authority to run the federal sentence concurrent with the state sentence pursuant to 18 U.S.C. § 3584(a) addressing multiple sentences of imprisonment. The statute states in part that "(m)ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." On the other hand, § 3621 applies and calls for consideration of a nunc pro tunc designation where the District Judge does not have the option of running a sentence concurrently because the defendant is not serving the other sentence at the time the District Court imposes its sentence. *See* McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998) ("Where § 3584(a) applies...the Bureau [of Prisons] must follow the presumptions set out therein" instead of considering a nunc pro tunc designation.)

## **CONCLUSION**

Based on the above discussion, it is recommended that Respondent's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

November 3, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).